**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILTON VASQUEZ-AJXUP, AKA Alsvaldo Hernandez, AKA Oswaldo Hernandez-Vasquez, AKA Milton Vasquez Axjup, | No.  19-72588 |
| | Agency No. A087-535-589 |
| Petitioner, | |
| | MEMORANDUM* |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2023**
Phoenix, Arizona

Before:  GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

Milton Vasquez-Ajxup, a native and citizen of Guatemala, petitions for

review of the denial of his application for protection under the Convention Against

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture (CAT).  An immigration judge denied Petitioner's application, and the Board of Immigration Appeals dismissed his appeal.  We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

Because the parties are familiar with the facts, we do not recite them here. We review the agency's factual findings for substantial evidence and its legal conclusions de novo.  *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).  The agency determined that Petitioner did not establish that it is more likely than not that he would be tortured with the consent or acquiescence of a government official if he were removed to Guatemala.  *See* 8 C.F.R. §§ 208.16(c)(2), 208.17(a), 208.18(a).  Substantial evidence supports that determination.

Although Petitioner focuses on whether the harm he experienced in Guatemala rose to the level of torture, the agency properly considered "all evidence relevant to the possibility of future torture."  8 C.F.R. § 208.16(c)(3).  For the most part, the harm of which Petitioner complains was perpetrated by people he could not identify.  Even assuming that Petitioner's past treatment by police in Guatemala rose to the level of torture, the record does not compel the conclusion that it is "more likely than not," 8 C.F.R. § 208.16(c)(2), that Petitioner will be tortured "by or at the instigation of or with the consent or acquiescence of a public

2

official or other person acting in an official capacity" if Petitioner is removed to Guatemala, 8 C.F.R.§ 208.18(a)(1).

**PETITION DENIED.**